UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAY A. SANDLES et al,<br>　　　　　Plaintiff(s),<br>　v.<br><br>SECRETARY OF VETERANS AFFAIRS,<br>　　　　　Defendant. | CASE NO. C23-1665-KKE<br><br>ORDER DENYING APPLICATION FOR APPOINTMENT OF COUNSEL |

　　　This matter comes before the Court on Plaintiff, Ray A. Sandles', application for court-appointed counsel. Dkt. No. 10. Mr. Sandles and Y.S., proceeding pro se, filed a complaint alleging the Secretary of Veterans Affairs violated the Civil Rights Act and the Fair Housing Act, among other statutes and regulations, by failing to repair the septic system, turning off the water, and attempting to evict Plaintiffs from property in Oak Harbor, Washington. Dkt. Nos. 9 & 9-1. After the Court granted Plaintiffs' applications to proceed in forma pauperis (Dkt. No. 8), Mr. Sandles filed an application for court appointed counsel. Dkt. No. 10.[1]

---

[1] Plaintiff has also filed a document entitled "Notice of Removal of Civil Action Pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1441." Dkt. No. 5. In this document, Plaintiff attempts to remove an unlawful detainer action from Island County Superior Court to this Court. *Id.* This notice is procedurally improper for multiple reasons, including that the notice was filed more than 30 days after Plaintiff was served with the Island County complaint (Dkt. No. 5 at 50 (showing service of unlawful detainer complaint on August 10, 2023)) and the notice was filed in the above-captioned case, an already pending matter. Finally, and most importantly, this Court has no jurisdiction over a state court unlawful detainer proceeding. Accordingly, the unlawful detainer matter is not before this Court.

ORDER DENYING APPLICATION FOR APPOINTMENT OF COUNSEL - 1

Plaintiff's motion to appoint counsel is denied. Generally, no constitutional right to appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up).

In Mr. Sandles' motion to appoint counsel, he contends that he is at a disadvantage in pursuing this case because "these entities are too vast for my family and I to contend with." Dkt. No. 10 at 4. While the Court has no reason to doubt the difficulties of proceeding *pro* se, the Court finds this reason inadequate to establish exceptional circumstances for purposes of resolving Mr. Sandles' motion to appoint counsel. Mr. Sandles has not shown, nor does the Court find, that this case involves complex facts or law. Mr. Sandles has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. As such, the Court finds that Mr. Sandles has failed to show the appointment of counsel is appropriate at this time.

For all of these reasons, the Court DENIES Mr. Sandles' motion. Dkt. No. 10.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 14th day of December, 2023.

Kymberly K. Evanson
United States District Judge